# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| SHANE DERAY HODNETT, | ) | |
| Plaintiff, | ) | Civil Action No. 7:11-cv-00596 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ROANOKE CITY JAIL, | ) | By: Norman K. Moon |
| Defendants. | ) | United States District Judge |

Plaintiff Shane Deray Hodnett, a Virginia inmate proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that was denied adequate medical treatment. The court finds that Hodnett has not stated a claim upon which relief can be granted and, therefore, dismisses his complaint pursuant to 28 U.S.C. § 1915A(b)(1).

## I.

Hodnett complains that he had an "infected hair bump" on his arm and when he tried to "pop it," "nothing came out." Hodnett filed a medical request. A nurse examined his arm and tried "popping it, but nothing happened." The nurse placed Hodnett on the list to see the doctor. The next day, another nurse examined Hodnett's arm and put him on an antibiotic. After Hodnett's arm seemed to be worsening, he went to the medical unit again for a "hot pick."[1] The nurse performed the "hot pick" and then tried to squeeze more of the "nasty stuff" out of his arm. Hodnett states that he thinks his arm should be cut so that the fluid can drain more easily, but the nurse told him that the infection needs to be larger before they will do that.

## II.

Hodnett has named only the Roanoke City Jail as defendant to his action. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation

---

[1] It appears that a "hot pick" is some method used to drain an infection.

resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 690 (1978). Thus, a governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981). That is, the entity's official policy must have played a part in the alleged violation of federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 817–818 (1985). Although a *pro se* complaint will be held to "less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Here, Hodnett has failed to show that any official policy of the Roanoke City Jail was responsible for the constitutional violations or injuries he allegedly suffered.[2]

---

[2]    Furthermore, the court notes that even if Hodnett had named proper defendants to this action, his claim would nevertheless fail. To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995). To establish deliberate indifference, a plaintiff must present facts to demonstrate that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825, 837 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis or course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell, 528 F.2d at 319; Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990). Questions of medical judgment are not subject to judicial review. Russell, 528 F.2d at 319 (citing Shields v. Kunkel, 442 F.2d 409 (9th Cir. 1971)). **Error! Main Document Only.**A delay in receiving medical care, with no resulting injury, does not violate the Eighth Amendment. See Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 19993); Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); Wynn v. Mundo, 367 F. Supp. 2d 832, 838 (M.D.N.C. 2004).

Hodnett concedes that he has been seen, evaluated, and treated by medical professionals on numerous occasions. Although he may disagree with the course of treatment he received, his claim is nothing more than a

## III.

For the stated reasons, Hodnett's complaint is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

The Clerk of the Court is directed to send copies of this memorandum opinion and accompanying Order to the parties.

**ENTER**:  This 27th day of March, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

doctor-patient disagreement, which is not actionable under the Eighth Amendment.  Accordingly, the court finds that Hodnett has failed to state a constitutional claim.